# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DALE ANDERSON and BARBARA ANDERSON | ) ) ) |
| Plaintiffs, | ) ) ) No. 1:13-cv-319 |
| vs. | ) ) |
| ALLIED DEBT RECOVERY SERVICES, INC. and RANDALL ALTER, | ) ) **JURY DEMAND ENDORSED HEREON** ) ) |
| Defendants. | ) |

## COMPLAINT

Now come the Plaintiffs, DALE ANDERSON and BARBARA ANDERSON, by and through their attorneys, LUXENBURG & LEVIN, LLC, and for their Complaint against the Defendants, ALLIED DEBT RECOVERY SERVICES, INC. and RANDALL ALTER, Plaintiffs allege and state as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.     Plaintiffs are individuals who were at all relevant times residing in Medina, Ohio.

4.     Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692a(3), as they are natural persons allegedly obligated to pay a debt.

5.     At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be collecting a consumer debt allegedly owed by Plaintiffs.

6.     The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiffs to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7.     On information and belief, Defendant ALLIED DEBT RECOVERY SERVICES, INC. is a corporation of the State of Ohio which has its principal place of business in South Euclid, Ohio.

8.     On information and belief, Defendant RANDALL ALTER is an individual who resides in Beachwood, Ohio and is the primary or only owner of Defendant ALLIED DEBT RECOVERY SERVICES, INC.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

9.     Defendants, individually and/or through their agents, representatives and/or employees, began contacting Plaintiffs during or about September or October of 2012 in attempts to collect the aforementioned alleged debt.

2

10. Defendants used condescending and/or demeaning language when speaking with Plaintiffs, and threatened to take legal action if the alleged debt was not paid. On information and belief, Defendants had no intention of filing a lawsuit against Plaintiffs with regard to the alleged debt at the time the threat was made.

11. Defendants' agent, representative and/or employee, who represented himself as Rex Karns, contacted Plaintiff Dale Anderson by telephone at his place of employment soon after he completed a telephone conversation with Plaintiff Barbara Anderson, during which she requested that no further calls be placed to her husband at his place of employment.

12. Defendants failed to send Plaintiffs the notice regarding the alleged debt which is required by 15 U.S.C. § 1692g(a).

13. In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

    a. Communicating with Plaintiff Dale Anderson at his place of employment where Defendants knew or had reason to know that Plaintiff Dale Anderson's employer prohibited him from receiving such communications, in violation of 15 U.S.C. § 1692c(a)(3);

    b. Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiffs, in violation of 15 U.S.C. § 1692d(2);

    c. Falsely representing or implying that Defendants' agent, representative and/or employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

    d.    Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    e.    Failing to provide the notice to Plaintiffs which is required by 15 U.S.C. § 1692g; and

    f.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14.    As a result of Defendants' violations as aforesaid, Plaintiffs have suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, DALE ANDERSON and BARBARA ANDERSON, respectfully pray for a judgment against Defendants as follows:

    a.    Statutory damages of $1,000.00 for each Plaintiff for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

15.    Plaintiffs hereby adopt, re-allege and incorporate by reference all allegations set forth above as though fully rewritten here.

16.    Defendants' actions in attempting to collect the alleged debt from Plaintiffs as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

17.    Defendants are "suppliers" as defined in Ohio Rev. Code § 1345.01(C), as Defendants are in the business of effecting or soliciting consumer transactions.

4

18. Plaintiffs are "consumers" as defined in Ohio Rev. Code § 1345.01(D), as they are persons who engaged in a consumer transaction with a supplier, the Defendants herein.

19. Defendants' actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

20. Defendants, individually and/or through their agents, representatives and/or employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

21. As a result of Defendants' unfair, deceptive and unconscionable acts and practices, Plaintiffs have suffered, and continue to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiffs, DALE ANDERSON and BARBARA ANDERSON, respectfully pray for a judgment against Defendants as follows:

    a. Statutory damages of $200.00 for each Plaintiff for each violation of the OCSPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

    c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiffs hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

                                        Respectfully Submitted,

                                        /s/ David B. Levin  
                                        David B. Levin (0059340)  
                                        Attorney for Plaintiffs  
                                        Luxenburg & Levin, LLC  
                                        595 Elm Place, Suite 201  
                                        Highland Park, IL, 60035  
                                        (888) 493-0770, ext. 302 (phone)  
                                        (866) 551-7791 (facsimile)  
                                        David@LuxenburgLevin.com